UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOVLEEN DHAWAN,

    Plaintiff,

    v.

BROADWAY PARTNERS, et al.,

    Defendants.

_____/

No. C 13-0336 PJH

**ORDER GRANTING MOTION TO REMAND**

Before the court are three motions: (1) plaintiff's motion to remand; (2) defendant Rockefeller Group Development Corporation's ("Rockefeller") motion to strike, or in the alternative, to dismiss; and (3) defendant Broadway Real Estate Services, LLC's ("Broadway") motion to strike. The motions came on for hearing before this court on April 10, 2013. Plaintiff Lovleen Dhawan ("plaintiff") appeared through her counsel, Frank Moore. Defendant Rockefeller appeared through its counsel, Katherine Huibonhoa and Peter Cooper. Defendant Broadway appeared through its counsel, Jacqueline deSouza. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand as follows.

Plaintiff originally filed suit in state court on December 4, 2012, against Broadway and Rockefeller, asserting five causes of action under state law. On January 24, 2013, defendants removed the case to this court, based on diversity jurisdiction. Rockefeller then filed a motion to dismiss on January 31, 2013. Rather than file an opposition to the motion, plaintiff filed a first amended complaint ("FAC") on February 15, 2013, adding Chaudel Baker as a defendant. Because Baker is a California citizen, plaintiff now argues (in her

motion to remand) that there is no longer complete diversity between the parties, and that the court must now remand the case for lack of subject matter jurisdiction. Plaintiff further argues that the FAC was filed as a matter of right under Federal Rule of Civil Procedure 15(a), because it was filed within 21 days of Rockefeller's Rule 12(b)(6) motion. Broadway and Rockefeller disagree, arguing that Rule 15 does not apply where a party seeks to add diversity-destroying defendants through amendment. Instead, they contend that 28 U.S.C. § 1447(e) applies to such amendments, giving the court discretion to either deny joinder of the non-diverse party, or permit joinder and remand the case to state court. Defendants further argue that, in determining whether to permit or deny joinder, courts look at six factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini v. General Dynamics, 193 F.R.D. 654 (S.D. Cal. 2000); see also Cross v. Kenwood Retail Group, 2009 WL 250454 (N.D. Cal. Feb. 3, 2009).

Plaintiff argues that, even if section 1447(e) does modify the permissive amendment standard of Rule 15, the court need only conduct an abbreviated version of the Palestini analysis, looking only at whether the new claim against the non-diverse defendant is facially legitimate, and whether defendants would suffer prejudice as a result of the joinder. The court agrees with defendants, and finds that Rule 15(a) is inapplicable to diversity-destroying amendments. The court further agrees that the full six-factor test is appropriate here.

As to factor (1), the court agrees with defendants that Ms. Baker is not a necessary party to the action, such that her absence from the case would not prevent complete relief from Rockefeller or Broadway.

As to factor (2), there seems to be no dispute that plaintiff's claims against Ms. Baker would not be time-barred if joinder were denied.

As to factor (3), the court notes that joinder was sought early in the case, while Rockefeller's first 12(b)(6) motion was still pending, and before defendants had filed an answer (though defendants raise a valid objection to plaintiff's request for defendants to delay filing their answer, which will be discussed further below).

As to factor (4), defendants are likely correct that Ms. Baker was added to the case as a means of getting this case back to state court. In that sense, plaintiff was motivated by a desire to have this case remanded. However, defendants are also motivated by their preference for one forum over another, in that they had this case removed to federal court even though plaintiff originally filed in state court. The mere preference for one forum over another does not weigh in the section 1447(e) analysis. Instead, the court looks to whether plaintiff acted in bad faith by adding Ms. Baker as a defendant; in other words, the key question is whether Ms. Baker is a sham defendant, added <u>solely</u> to defeat diversity jurisdiction. Here, a look at the original complaint in this case (filed in state court) shows that Ms. Baker's conduct made up a significant portion of plaintiff's allegations, even before joinder was sought. Specifically, the original complaint alleges that Ms. Baker "falsely insisted that plaintiff's role as assistant property manager was unnecessary when, it fact, it was their intent to replace plaintiff as assistant property manager with Stephanie Borjas." <u>See</u> original complaint (Dkt. 1, Ex. B) at ¶ 13; <u>see also</u> ¶¶ 7-10, 17, 28 (alleging additional wrongful conduct by Ms. Baker). The alleged misrepresentation by Ms. Baker forms the basis of plaintiff's claims against her. Thus, while it is true that plaintiff did not seek to add Ms. Baker as a defendant until the case was removed, the court finds that Ms. Baker is not a sham defendant, and thus finds that plaintiff does not seek joinder solely to defeat federal jurisdiction.

The next, related factor looks to whether the claims against Ms. Baker are viable. Plaintiff asserts two causes of action against Ms. Baker: (1) interference with prospective business advantage; and (2) violation of Cal. Labor Code § 1050. Plaintiff's tort claim for interference with prospective business advantage requires that five elements be shown: (1) an economic relationship between plaintiff and some third party, with the probability of

3

1  future economic benefit to plaintiff; (2) the defendant's knowledge of the relationship; (3)
2  intentional acts on the part of defendant designed to disrupt the relationship; (4) actual
3  disruption of the relationship; and (5) economic harm to plaintiff proximately caused by
4  defendant's conduct. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153
5  (2003). The Korea Supply court further clarified that the "intentional acts" must be
6  "independently wrongful," which it defines as "unlawful," which is in turn defined as
7  "proscribed by some constitutional, statutory, regulatory, common law, or other
8  determinable legal standard." Id. at 1158-59. At the hearing, plaintiff identified a number of
9  alternative bases for finding that Ms. Baker's conduct was wrongful, including that Ms.
10 Baker's "intentionally false statements" about "purported performance deficiencies by
11 plaintiff" constituted defamation. See FAC, ¶ 84.

12 In this context, the legal standard for defamation requires a false and unprivileged
13 communication (oral communications qualify as slander, written communications as libel),
14 tending to cause injury in plaintiff's occupation. Cal. Civ. Code §§ 45, 46. Even though the
15 FAC does not assert a separate claim for defamation, it does allege that Ms. Baker made a
16 false statement that caused injury in plaintiff's occupation. While defendants have
17 presented various theories as to why Ms. Baker's statements were privileged, plaintiff has
18 raised factual issues regarding the applicability of each of these privileges. At this early
19 stage of the case, the court cannot resolve these factual issues, and instead finds it
20 sufficient that plaintiff's allegations, if true, could state a viable claim for defamation against
21 Ms. Baker. As a result, plaintiff has made a sufficient showing that Ms. Baker's conduct
22 was independently wrongful, such that plaintiff's claim for interference with prospective
23 business advantage is a viable one.

24 As to factor (6) in the Palestini analysis, the court finds that denial of joinder would
25 cause at least some prejudice to plaintiff, in that she would be forced to litigate her claims in
26 two separate lawsuits in two separate forums. Though this would not be a great burden, it
27 is greater than any burden that defendants would suffer if joinder is granted. This case has
28 been pending in federal court for less than three months, and is still in the pleading stages.

4

1  Moreover, defendants do not have a constitutional right to litigate in federal court, and
2  instead have only "an expectancy contingent upon a plaintiff's failure to add non-diverse
3  defendants." Miller v. United Air Lines, 2001 WL 823815 (N.D. Cal. July 10, 2001). Thus,
4  joinder would cause no prejudice to defendants, but some prejudice to plaintiff.

5       Rockefeller and Broadway also protest that plaintiff's counsel disingenuously
6  requested that defendants delay their filing of answers to the original complaint, without
7  informing them that he intended to file an amended complaint, adding Ms. Baker as a
8  defendant. In their view, this shows improper motive on the part of plaintiff, which weighs
9  against joinder. While the court agrees that plaintiff's counsel's actions appear
10 disingenuous at best, and under different circumstances, could result in the striking of an
11 amended complaint, it also appears that one of plaintiff's counsel's goals was to file the
12 FAC before any answer was filed, so that he could argue that the FAC was filed as a matter
13 of right under Rule 15(a). But because the court finds that Rule 15(a) does not apply (and
14 instead applies section 1447(e), and thus does not consider whether the FAC was filed
15 before or after defendants' answer), plaintiff did not actually gain any strategic advantage
16 by filing the FAC before defendants' answer, making this a case of "no harm, no foul."
17 Again, the court cautions plaintiff's counsel that such conduct would not be tolerated under
18 different circumstances, but in this case, plaintiff's intended gamesmanship did not have its
19 intended effect. For that reason, the court's joinder analysis does not consider plaintiff's
20 counsel's lack of forthright information.

21     Instead, the court places great weight on the fact that plaintiff seeks to add a viable
22 claim against a non-sham defendant at a very early stage of the case, in a manner that
23 causes no prejudice to defendants. For those reasons, the court exercises its discretion
24 under section 1447(e) to allow joinder of Ms. Baker as a defendant (and thus allow the filing
25 of the FAC). Because Ms. Baker's presence in the case destroys complete diversity
26 between the parties, the court no longer has subject matter jurisdiction over the case, and
27 thus GRANTS plaintiff's motion to remand. Rockefeller and Broadway's motions are thus
28 denied as moot. The case is REMANDED to the Superior Court for the City and County of

San Francisco.

**IT IS SO ORDERED.**

Dated: April 15, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California